IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-019 |
| | ) | |
| JAMES ROBERT BRICKNER | ) | |

**MEMORANDUM AND ORDER**

The defendant will be sentenced on September 13, 2012. At paragraph 48 of the presentence investigation report ("PSR"), the probation officer recommends that two criminal history points should be assigned pursuant to U.S.S.G. § 4A1.1(d) because, "The defendant committed the instant offense while under a criminal justice sentence for Sale of a Schedule II Controlled Substance, Case Number 0988 [in the Circuit Court for Cocke County, Tennessee]."

The defendant objects to the application of § 4A1.1(d). In support of his objection, the defendant cites only an opinion from the Eighth Circuit Court of Appeals which is not on-point. The defendant admits that he "is well aware of the established statutory and case law that is contrary to the defendant's position in this matter."

In material part, § 4A1.1 of the advisory guidelines recommends the addition of two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ." U.S. Sentencing Guidelines Manual § 4A1.1(d). The commentary to § 4A1.1(d) explains that "a term of unsupervised probation

would be included; but a sentence to pay a fine, by itself, would not be included." *Id.* cmt. n.4.

The defendant has submitted an order from the Cocke County Circuit Court regarding case numbers 0855, 0856, and 0988. The order shows that on June 6, 2011, the defendant was sentenced to time served and was "released to unsupervised probation upon payment of $3412.00 on Court obligations."

In the case cited by the defendant, the Eighth Circuit held that § 4A1.1(d) was not applicable because that defendant's "only sentence was a fine." *United States v. Spikes*, 543 F.3d 1021, 1024 (8th Cir. 2008). The *Spikes* court noted, however, that § 4A1.1(d) would apply if, for example, a term of unsupervised probation had been imposed. *See id.* (citing U.S. Sentencing Guidelines Manual § 4A1.1(d) cmt. n.4). In the present case, a term of unsupervised probation was imposed on June 6, 2011. *Spikes* therefore is of no relevance in this matter.

The defendant admits in his plea agreement that the instant offense commenced on approximately August 1, 2011. [Doc. 47]. The defendant has submitted no proof that his term of unsupervised probation expired prior to the date. The probation officer therefore correctly determined that the defendant committed the instant offense while under a criminal justice sentence. The probation officer correctly added two criminal history points pursuant to § 4A1.1(d).

The defendant's objection to his PSR is **OVERRULED**.

**IT IS SO ORDERED.**

ENTER:

        s/ Leon Jordan
United States District Judge