# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

UNITED STATES OF AMERICA     )
             )
v.                )     No.:   2:12-CR-019
             )
JAMES ROBERT BRICKNER     )

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 208], which has been rendered moot by the supplemental motion and briefing filed by counsel [doc. 211, 213]. The defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 212], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons that follow, the defendant's motion will be granted in part.

## I.    Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

2

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated September 24, 2012, this court sentenced the defendant to a term of imprisonment of 151 months as to Count One (conspiracy to distribute and possess with the intent to distribute cocaine base). The defendant's advisory guideline range was 78 to 97 months, based on a total offense level of 27 and a criminal history category of II. However, the statute of conviction required a 240-month mandatory minimum sentence. The defendant's guideline range thereby became 240 to 240 months.

Prior to sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 which the court granted in

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

imposing the 151-month sentence, a reduction of 37 percent from the bottom of the restricted guideline range. The United States subsequently filed a motion for further reduction pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The court granted that motion and reduced the defendant's sentence to 136 months, for a cumulative reduction of 43 percent from the bottom of the restricted guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on January 24, 2022.

## III.    Analysis

Applying Amendment 782, the defendant's new advisory guideline range is 63 to 78 months, based on a total offense level of 25 and a criminal history category of II. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Applying U.S.S.G § 1B1.10(c), a corresponding 3553(e) and Rule 35(b) departure may be applied without regard to the mandatory minimum sentence.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, his post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction, but not to the extent requested.

The defendant asks for a reduced sentence of 36 months, which would be a corresponding 43 percent substantial assistance reduction from the bottom of the amended guideline range and 85 percent below the bottom of the original restricted guideline range. For the following reasons, the court concludes that a 36-month sentence would simply be too low.

This case was a substantial polysubstance distribution conspiracy. The defendant was admittedly the primary supplier of cocaine base for the conspiracy. He committed a crime that Congress deems punishable by at least 240 months' imprisonment. Additionally, the defendant has prior convictions for drugs, larceny, theft, and domestic violence.

Conversely, the court has again reviewed the nature and extent of the defendant's assistance to the government [docs. 131, 169]. Without question, that assistance was comprehensive and significant. The defendant's post-conviction rehabilitative efforts appear to have been equally significant, and his disciplinary history while incarcerated is minor.

For all these reasons, the court concludes that the defendant is entitled to a further reduction of his sentence, but not to a degree 85 percent below the original guideline range. A 36-month sentence would result in unwarranted disparity with other defendants who have committed similar statutory violations, with similar criminal histories and substantial assistance levels. Instead, the court will exercise its discretion and reduce the defendant's post-Rule 35 total offense level by four, from 32 to 28. With a criminal

5

history category of II, the court will impose a reduced sentence at the bottom of the resulting range of 87 to 108 months.

## IV.    Conclusion

For the reasons stated herein, the defendant's *pro se* motion [doc. 208] is **DENIED AS MOOT**, and the defendant's motion filed through counsel [doc. 211] is **GRANTED IN PART**.  The defendant's term of imprisonment is reduced to **87 months**.

Except as provided above, all provisions of the judgment dated September 24, 2012, shall remain in effect.  **The effective date of this order is November 2, 2015**. *See id.* § 1B1.10(e)(1).

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge