UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| JAMES ROBERT BRICKNER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:12-CR-19-RLJ-1 |
| | ) | | 2:16-CV-169-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 218]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition on July 15, 2016 [Doc. 220]. For the reasons that follow, the petition [Doc. 218] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.  BACKGROUND

On May 1, 2012, Petitioner pled guilty to, and was subsequently convicted of, conspiring to distribute and possess with intent to distribute at least 280 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Docs. 47, 59, 139]. Based on the drug quantity for which Petitioner was personally found responsible, the United States Probation Office calculated his Guidelines range as 78 to 97 months' imprisonment, restricted by a 240-month enhanced statutory mandatory minimum [Presentence Investigation Report ("PSR") ¶¶ 9–13, 18, 25–27,

49, 69].[1]  Before sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) in light of Petitioner's substantial assistance; the Court granted the motion, deviated from the statutory minimum, and sentenced Petitioner to a 151-month term of imprisonment on September 24, 2012 [Doc. 139].

No appeal was taken and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on October 9, 2012. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment."). Petitioner's sentence was reduced to 136 months' imprisonment pursuant to a motion by the United States under Federal Rule of Criminal Procedure 35(b) [Docs. 169, 181].

On September 16, 2013, Petitioner filed a timely petition for collateral relief alleging ineffective assistance of counsel, but failed to sign the motion [Doc. 184]. Despite being given an opportunity to remedy the omission by submitting a petition in compliance with the Rules Governing Section 2255 Proceedings [Doc. 187], petitioner failed to address the deficiencies and the petition was dismissed without prejudice on March 24, 2014 [Doc. 188].

Nearly three years after sentencing, on July 6, 2015, Petitioner requested a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines [Docs. 208–11]. This Court granted the motion, further reducing Petitioner's sentence to 87 months' incarceration in an Order on September 16, 2015 [Doc. 214].

---

[1]  Consistent with 21 U.S.C. § 851, the United States timely filed notice of its intent to enhance Petitioner's sentence based on his possession of a prior drug conviction [Doc. 37].

On June 23, 3016, Petitioner submitted the instant § 2255 motion challenging his sentence in light of *Johnson* [Doc. 218].[2] The United States responded in opposition [Doc. 220].

II. ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same fails because his PSR conclusively demonstrates that he was never subjected to any of these provisions [PSR ¶¶ 9–13, 18, 25–27, 49, 69; Docs. 37, 139].[3]

---

[2] Although chronologically his second § 2255 motion, the Court finds that it need not construe the filing as one requiring certification "by a panel of the appropriate court of appeals" under § 2255(h). *See, e.g.*, *United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015) (noting that a "second-in-time petition does not necessarily equate to one which is successive within the meaning of § 2255"). Rather, because his original petition was dismissed without prejudice, i.e., the Court never considered the earlier filing on its merits, this Court can consider the instant petition without first transferring it to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

[3] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

To the extent Petitioner challenges the propriety of his statutory enhancement under § 841(b)(1)(A) based on the existence of at least one "felony drug conviction," that challenge fails as well. "[F]elony drug conviction" is defined as an offense "punishable by imprisonment for more than one year under any [state, federal, or international] law . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Unlike the ACCA, Section 4B1.2, and Section 2K2.1(a), § 802(44) does not contain a residual provision. Because the clause deemed unconstitutionally vague in *Johnson* bears no relation to the statutory enhancement upon which Petitioner's sentence was based, that decision cannot justify granting the requested relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 218] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge